UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  "O"

| Case No. | 2:15-cv-02701-CAS-JEMx | Date | November 23, 2015 |
|---|---|---|---|
| Title | DAWN DALUISE V. STEVE MCCAULEY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang/ Ingrid Valdes | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Dorinda Jo Myers | Justin Clark | |

**Proceedings:** DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT (Dkt. 38, filed October 21, 2015)

## I. INTRODUCTION & BACKGROUND

This action was filed on April 10, 2015 by plaintiff Dawn DaLuise against four officers of the Los Angeles County Sheriff's Department, namely, defendants Deputy Steve McCauley, Captain Shaun Mathers, Sergeant Steve Rohrbach, Sheriff Jim McDonnell, and defendant the County of Los Angeles. Dkt. 1.

Plaintiff filed her first amended complaint on August 7, 2015, and her second amended complaint on October 7, 2015, pursuant to a stipulation of the parties and order of the Court. Plaintiff's second amended complaint ("SAC"), dkt. 35, is the operative pleading in this matter.

Plaintiff alleges that in 2013, she was the victim of harassment and stalking, which she believed was being perpetrated by a competing business owner, Gabriel Suarez. SAC ¶ 30. Plaintiff alleges that, after failing to obtain the assistance of the Los Angeles Police Department, she met with Deputy McCauley on February 22, 2014, to request his assistance. SAC ¶ 29. Deputy McCauley initiated an investigation, and based on information he received, he suspected that plaintiff was attempting to hire someone to murder or assault Suarez. SAC ¶ 30. Deputy McCauley sought and obtained a warrant for plaintiff's arrest and she was arrested for solicitation of murder on March 5, 2014. SAC ¶¶ 30, 31. Plaintiff remained in custody throughout her trial. SAC ¶ 31. On January 22, 2015, plaintiff was acquitted of all charges. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:15-cv-02701-CAS-JEMx | Date | November 24, 2015 |
|---|---|---|---|
| Title | DAWN DALUISE V. STEVE MCCAULEY, ET AL. | | |

Plaintiff alleges that she was arrested and tried based on insufficient evidence and that while she was in custody, she was subjected to unlawful searches and denied necessary medical treatment. SAC ¶¶ 32, 34, 38-40.

On March 12, 2015, plaintiff filed an application to file a late claim with the County of Los Angeles with regard to her state-law claims. SAC ¶ 13. The County rejected her application to the extent that it was predicated on acts that occurred before September 12, 2014--six months before the application was filed--because plaintiff did not support the application with valid reasons for a late claim, as well as claims that had accrued more than one year before the application was filed, and denied liability as to claims based on acts occurring on or after September 12, 2014. SAC ¶¶ 14-16.

In her SAC, plaintiff asserts six state-law claims and two federal claims under 42 U.S.C. § 1983. The state-law claims are for: (1) false arrest and imprisonment; (2) assault and battery; (3) negligence; (4) infliction of emotional distress; (5) defamation; and (6) negligent hiring, training, supervision, and discipline. Dkt. 35. The seventh and eighths claims for relief assert violations of plaintiff's civil rights under 42 U.S.C. § 1983. Specifically, the seventh claim for relief asserts violations of the Fourth and Fourteenth Amendment to the United States Constitution, and the eighth claim for relief asserts violations of the Eighth and Fourteenth Amendments thereto. Id.

On October 21, 2015, all defendants other than the County of Los Angeles, filed the present motion to dismiss the SAC. Dkt. 38.[1] On November 10, 2015, plaintiff filed an opposition, dkt. 40,[2] and on November 16, 2015, defendants filed a reply, dkt. 41.

---

[1] The County of Los Angeles has not been served in this action. Plaintiff alleges that she intends to seek permission from the Los Angeles Superior Court to file suit against it, but has not done so. The Court, therefore, declines to make a ruling on plaintiff's claims against the County.

[2] Plaintiff's opposition was due on November 2, 2015. L.R. 7-9 (opposing papers are to be filed "no later than twenty-one (21) days before the date designated for the hearing of the motion . . . ."). "The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." L.R. 7-12. Because no prejudice to the moving parties has been shown, however, the Court considers the opposition in connection with the motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  "O"

| Case No. | 2:15-cv-02701-CAS-JEMx | Date | November 24, 2015 |
|---|---|---|---|
| Title | DAWN DALUISE V. STEVE MCCAULEY, ET AL. | | |

After considering the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under Rule 12(b)(6), a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988), overruled on other grounds by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 552-63, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S.Ct. 1955. "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:15-cv-02701-CAS-JEMx | Date | November 24, 2015 |
|---|---|---|---|
| Title | DAWN DALUISE V. STEVE MCCAULEY, ET AL. | | |

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom. Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001), overruled on other grounds by Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

## III. DISCUSSION

### A. The Timeliness of Plaintiff's State-Law Claims

Under the California Government Claims Act, a plaintiff may not sue a public entity or its employees for money damages for death or injury until she has presented a written claim to the public entity, and the entity either acts upon or rejects the claim. Cal. Gov't Code § 945.4; Ovando v. City of Los Angeles, 92 F. Supp. 2d 1011, 1021 (C.D. Cal. 2000) (the presentation of a written claim is a "necessary prerequisite to suing" a public entity).

For a personal injury claim to be timely, the claimant must present her claim within six months of the accrual of her cause of action. Cal. Gov't Code § 911.2. If a claim is rejected as untimely, the claimant may file an application with the public agency for leave to present a late claim. Id., § 911.4(a). The application must be submitted within one year after the accrual of the cause of action and state the reason for the delay in presenting the claim. Id., § 911.4(b). The public entity's board shall grant the application if, among other things, "[t]he failure to present the claim was through mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudiced in its defense of the claim by the failure to present the claim within the time specified in Section 911.2." Id., § 911.6. If the application is denied, the claimant may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:15-cv-02701-CAS-JEMx | Date | November 24, 2015 |
|---|---|---|---|
| Title | DAWN DALUISE V. STEVE MCCAULEY, ET AL. | | |

petition the proper superior court for relief from the requirements of the Government Claims Act, within six months of the denial of the application. Id., § 946.6.

On March 12, 2015, plaintiff submitted an application for leave to present a late claim as well as the claim she sought to have considered. SAC ¶ 13. On April 9, 2015, the County issued a letter (1) rejecting plaintiff's application as it pertained to claims accruing on or before March 12, 2014 as time-barred; (2) denying plaintiff's application as it pertained to acts occurring before September 11, 2014, because it did not meet the requirements of Cal. Gov't Code § 911.6; and (3) informing plaintiff that her claim as it pertained to acts occurring since September 12, 2014, were under investigation. SAC ¶ 14, Ex. B. On May 11, 2015, the County issued a letter formally rejecting plaintiff's claim as it pertained to acts occurring on or after September 12, 2014. SAC ¶ 16, Ex. D.

Because the County has rejected her claims, plaintiff is now entitled to proceed in court on those claims.

### B. State-Law Claims

#### (1) False Arrest and Imprisonment
#### (against McCauley, Mathers, Rohrbach, County, DOES 1-10)

Defendants contend that plaintiff's claim for false arrest and imprisonment is time-barred because it accrued on July 7, 2014—the date of her arraignment—which is more than six months before the presentation of her application and claim to the County on March 10, 2015. Mot. at 16-18.

Defendants relied on the California Supreme Court decision in Asgari v. City of Los Angeles for the proposition that a claim for false arrest and imprisonment accrues when an arrestee is arraigned, not when she is released from confinement. Mot. at 17. The case holds that a plaintiff's confinement ceases to constitute false imprisonment when she is arraigned, at which point the confinement is pursuant to lawful process and plaintiff is no longer entitled to damages caused by incarceration. 15 Cal. 4th 744, 757-58 (1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:15-cv-02701-CAS-JEMx | Date | November 24, 2015 |
|---|---|---|---|
| Title | DAWN DALUISE V. STEVE MCCAULEY, ET AL. | | |

Plaintiff concedes that Asgari controls. Opp. at 8. Accordingly, the motion to dismiss is **GRANTED** as to the false arrest and imprisonment claim.

### (2) Assault and Battery
### (against McCauley, County, and DOES 1-10)

Defendants argue that plaintiff's assault and battery claim is time-barred given that (1) a claim based on assault and battery accrues on the commission of the act, Sonbergh v. MacQuarrie, 112 Cal. App. 2d 771, 773 (1952), and (2) the allegedly wrongful arrest occurred on March 5, 2015, more than a year prior to the presentation of plaintiff's claim to the County.[3] Mot. at 18-19.

Plaintiff's claim, however, is predicated not only on the manner of her arrest, but also on the treatment she received during confinement. Plaintiff alleges that she was subjected to "repeated body cavity searches and other offensive touching that occurred throughout her incarceration." SAC ¶ 68. Her assault and battery claim accrued, therefore, on the last day that such offensive touching occurred, which, according to Plaintiff, was January 22, 2015, the date of her release from custody. SAC ¶ 31; Opp. at 8. Because plaintiff submitted her claim to the County on March 10, 2015, within six months of her release from custody, her assault and battery claim, as it pertains to her treatment in confinement, is timely.

Defendants argue that plaintiff's claim fails even as to the body cavity searches because California law permits body searches of detainees in jail for purposes of uncovering contraband or controlled substances. Mot. at 22. Indeed, body cavity searches have been upheld by both California and federal courts on numerous occasions. Bell v. Wolfish, 441 U.S. 520, 558 (1979) (finding constitutional body cavity searches of inmates after every contact visit with a person from outside the institution, if the search was conducted in a reasonable manner); Rickman v. Avaniti, 854 F.2d 327, 328 (9th Cir. 1988) (finding constitutional routine body cavity searches of inmates where the scope of such policy was limited to inmates confined in the most restrictive unit); People v.

---

[3]It is unclear whether plaintiff alleges that she suffered an assault and battery at the time of her arrest. But to the extent that she does, that claim is time-barred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:15-cv-02701-CAS-JEMx | Date | November 24, 2015 |
|---|---|---|---|
| Title | DAWN DALUISE V. STEVE MCCAULEY, ET AL. | | |

Collins, 115 Cal. App. 4th 137, 154-55 (2004) (finding constitutional the visual body cavity search of an inmate who was suspected of selling drugs in prison).

Plaintiff does not allege, however, that body cavity searches of inmates are *per se* illegal. Rather, she makes specific allegations challenging the *reasonableness* of the searches to which she was subjected. See Collins, 115 Cal. App. 4th at 154 (holding that, although "[a] prisoner has a very limited reasonable expectation of privacy in regard to a search of his person" and "[t]here is no requirement that a search be supported by either probable cause or reasonable suspicion, . . . the relevant inquiry is whether under all of the circumstances[,] the search was *reasonable*.") (emphasis added). Plaintiff claims that she was subjected to "15-20 strip searches and body cavity searches" during her incarceration, that "[a]fter each court appearance or trip to the Los Angeles County Medical Center, when she was transported out of the jail, she was forced to strip, bend over, spread open her vagina and cough while 2-3 female deputies observed this practice and would shine a flashlight into her vagina, and that "[d]uring this process they would snicker and would conduct these searches while male deputies were walking by her cell." SAC ¶ 38. Given these allegations, the Court finds that plaintiff has sufficiently pled that the searches she underwent during her incarceration were unlawful.

Accordingly, the motion to dismiss is **GRANTED** as to plaintiff's assault and battery claim based on her allegedly wrongful arrest, and **DENIED** as to her claim based on the body cavity searches to which she was subjected during her confinement.

**(3) Negligence
(against McCauley, Mathers, Rohrbach, McDonnell, County, and DOES 1-10)**

Plaintiff asserts a negligent investigation claim against defendants McCauley, Mathers, and Rohrbach. SAC ¶¶ 74-76. She also alleges that defendant McConnell failed to execute proper policies and procedures to ensure that individuals such as plaintiff would have access to medically necessary diagnosis and treatment. Id., ¶ 80.

Defendants contend that plaintiff's negligence claim is time-barred because (1) a claim for negligence accrues when a plaintiff "has reason at least to suspect a factual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  "O"

| Case No. | 2:15-cv-02701-CAS-JEMx | Date | November 24, 2015 |
|---|---|---|---|
| Title | DAWN DALUISE V. STEVE MCCAULEY, ET AL. | | |

basis" for her claim, Torres v. Dep't of Corr. & Rehab., 217 Cal. App. 4th 844, 849 (2013), and (2) the alleged negligent investigation and wrongful arrest occurred more than one year prior to the presentation of plaintiff's claim to the County.  Mot. at 18-19.

Plaintiff contends, however, that it was not until her trial in January 2015 that the full extent of defendants' alleged negligence became known to her.  Opp. at 9.  In personal injury actions, California courts follow the discovery rule, i.e., the rule "that the accrual date of a cause of action is delayed until the plaintiff is aware of her injury and its negligent cause."  Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 1109 (1988).  Reading the SAC in the light most favorable to plaintiff, therefore, the Court declines to dismiss plaintiff's claim on the basis that it is not timely.

Defendants additionally argue that plaintiff's claim fails because California Government Code § 821.6 bars liability for negligent investigation.  Section 821.6 states:

> A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause.

Cal. Gov't Code § 821.6.  Defendants cite Gillan v. City of San Marino and Amylou R. v. Cnty. of Riverside for the proposition that section 821.6's grant of immunity from liability for malicious prosecution also immunizes law enforcement officers from liability for negligent investigations.  Gillan, 147 Cal. App. 4th 1033, 1048 (2007) ("An investigation before the institution of a judicial proceeding is part of the prosecution of a judicial proceeding for purposes of [Cal. Gov't Code § 821.6] . . . ."); Amylou, 28 Cal. App. 4th 1205, 1210 (1994) (holding that, because investigations by law enforcement is "an essential step toward the institution of formal proceedings, it is also cloaked with immunity.").

Defendants' cases, however, do not stand for the proposition that § 821.6 immunizes negligent investigations *leading to false arrests or imprisonment*.  In Amylou, the alleged negligent investigation did not lead to the plaintiff's arrest or imprisonment.  Moreover, the courts in both Gillan and Amylou specifically held that § 821.6 provides no immunity from liability for false arrest or imprisonment.  Gillan, 147 Cal. App. 4th at 1048, citing Sullivan v. County of Los Angeles, 12 Cal.3d 710, 719–722 (1974);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  "O"

| Case No. | 2:15-cv-02701-CAS-JEMx | Date | November 24, 2015 |
|---|---|---|---|
| Title | DAWN DALUISE V. STEVE MCCAULEY, ET AL. | | |

Amylou, 28 Cal. App. 4th at 1211 n.2 ("We note, however, that while an arrest could be considered to be part of the investigation leading up to a judicial proceeding, it is settled that section 821.6 does not provide immunity for claims for false imprisonment.").

Courts have reached this conclusion by reading § 821.6 together with § 820.4, which states:

> A public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law. ***Nothing in this section exonerates a public employee from liability for false arrest or false imprisonment.***

Cal. Gov't Code § 820.4; Sullivan, 12 Cal.3d at 719–722. The California Supreme Court in Sullivan concluded, based on the statutory language and legislative history, that § 821.6 was not intended to change the common law rule preserved in § 820.4 that a public employee *can* be held liable for false imprisonment. Id. ("[T]he Legislature intended the section to protect public employees from liability only for malicious prosecution and not for false imprisonment."); Gillan, 147 Cal. App. 4th at 1048-49; accord Asgari,15 Cal. 4th at 758 (reading sections 821.6 and 820.4 together to deny immunity "when a police officer causes a suspect to be confined unlawfully" or without process). Indeed, where an allegedly negligent investigation led to an arrest and imprisonment, courts have refused to shield defendants from liability under § 821.6. See Martinez v. City of Los Angeles, 141 F.3d 1373, 1381 (9th Cir. 1998) (permitting negligent investigation claim to proceed on the grounds that an officer "has a duty to investigate the validity of an incarceration after sufficient notice.").

Accordingly, the Court finds that § 821.6 does not bar plaintiff's claim for negligent investigation leading to her incarceration.

As for plaintiff's negligence claim with respect to her medical care in custody, the Court finds that it is timely given that plaintiff alleges that negligent medical care continued until her release from custody in January 2015. SAC ¶¶ 39, 40.

Defendants contend that they are immune from liability for negligent medical care under California Government Code § 845.6, which provides:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:15-cv-02701-CAS-JEMx | Date | November 24, 2015 |
|---|---|---|---|
| Title | DAWN DALUISE V. STEVE MCCAULEY, ET AL. | | |

> Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody . . . .

Cal. Gov't Code § 845.6.  This section, however, goes on to state as follows:

> [A] public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

Id.  Plaintiff alleges that, despite the fact that doctors advised that she undergo colonoscopy and jail staff verified the presence of blood in her stool, she was afforded no additional testing or treatment for her condition.  SAC ¶¶ 39, 40.  Given that plaintiff has pled that jail staff knew or had reason to know that she had a need for immediate medical care, but refused to take action to summon such medical care, the Court finds that section 845.6 is not a proper basis for dismissing plaintiff's claim at this stage.

Defendants argue that plaintiff's claim should nevertheless be dismissed because she fails to allege any personal involvement of the named defendants in her medical care while in custody.  The Court agrees.  Although plaintiff has sufficiently pled a claim against the DOE defendants, as discussed below, she has failed to plead a claim against the named defendants with respect to her medical care in custody.

Accordingly, the motion to dismiss is **DENIED** as to plaintiff's claim based on negligent investigation.  As to her claim based on improper medical care in custody, the motion to dismiss is **GRANTED** as against McCauley, Mathers, and Rohrbach.

### (4)  Infliction of Emotional Distress (against McCauley, Mathers, Rohrbach, McDonnell, County, and DOES 1-10)

Defendants contend that plaintiff's claim for infliction of emotional distress fails for two reasons: (1) it is time-barred to the extent that she bases her claim on the severe emotional distress caused by defendants' alleged failure to properly investigate her case

Case 2:15-cv-02701-CAS-JEM   Document 42   Filed 11/23/15   Page 11 of 19   Page ID #:372

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  "O"

| Case No. | 2:15-cv-02701-CAS-JEMx | Date | November 24, 2015 |
|---|---|---|---|
| Title | DAWN DALUISE V. STEVE MCCAULEY, ET AL. | | |

before arresting her, Mot. at 18-19; and (2) defendants are immune from liability under California Government Code § 821.6, Id. at 25-26.

     The Court finds defendants' argument unpersuasive for two reasons.  First, as for the emotional distress that plaintiff suffered due to the negligent investigation of her case, it is plausible that the investigation, which occurred outside of the limitations period, continued to cause plaintiff emotional distress within the limitations period.  Cantu v. Resolution Trust Corp., 4 Cal. App. 4th 857, 889 (1992) ("A cause of action for intentional infliction of emotional distress accrues . . . ***once the plaintiff suffers severe emotional distress as a result of*** outrageous conduct on the part of the defendant.") (emphasis added); Kiseskey v. Carpenters' Trust for So. Cal., 144 Cal. App. 3d 222, 232 (1983) (holding that the tort of infliction of emotional distress is not complete "until the effect of a defendant's conduct results in plaintiff's severe emotional distress" and that "[t]hat is the time the cause of action accrues and starts the statute of limitations running.").  Because the time of accrual for this claim should be determined based on the facts of the case, and not as a matter of law, the Court declines to dismiss plaintiff's claim on the basis that it is time-barred.

     Moreover, the conduct that plaintiff alleges as having caused severe emotional distress is not limited to the investigation.  Her emotional distress resulted from a myriad other conditions attendant to her incarceration, including defendants "going on national news to defame" her, being subjected to humiliating body cavity searches, and receiving improper medical care in custody and receiving a cancer diagnosis upon her release.  SAC ¶¶ 88-91.

     Nor does California Government Code § 821.6 provide blanket immunity from liability for infliction of emotional distress.  Gillian, the case defendants cite to support their claim for immunity, holds that § 821.6 immunizes law enforcement officers from such liability when it is "based on the press releases and public statements made in the course of their investigation of a purported crime and in furtherance of the investigation." 147 Cal. App. 4th at 1050.  It does not preclude plaintiff's claim of infliction of emotional distress based on body cavity searches and improper medical care.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:15-cv-02701-CAS-JEMx | Date | November 24, 2015 |
|---|---|---|---|
| Title | DAWN DALUISE V. STEVE MCCAULEY, ET AL. | | |

Defendants argue that plaintiff's claim should be dismissed to the extent that it is premised on the body cavity searches and improper medical care she was subjected to in custody, on the basis that she fails to allege any personal involvement of the named defendants. Because plaintiff has brought suit against Doe defendants and has otherwise sufficiently pled her claim, however, the Court declines to dismiss plaintiff's claim on this basis. See Gillespie, 629 F.2d at 642.

The defect in plaintiff's claim, however, is that she has not specified whether her claim is for negligent infliction of emotional distress or intentional, or both. Given that these claims each have different elements, the motion to dismiss is **GRANTED with leave to amend**.

> **(5)  Defamation
> (against McCauley, Mathers, Rohrbach, McDonnell, and County)**

Defendants contend that plaintiff's defamation claim is untimely because (1) a claim for defamation accrues on publication, Shively v. Bozanich, 31 Cal. 4th 1230, 1237 (2003) ("[a] tort cause of action accrues . . . for defamation . . . when the defendant communicates the defamatory statement to others."), and (2) publication here occurred shortly after plaintiff's arrest, which was more than six months prior to plaintiff's presentation of her claim to the County. Mot. at 19.

The Court agrees. Plaintiff alleges that *"shortly after"* her arrest, "Mathers publicly went on the news and stated that the Los Angeles County Sheriff's Department 'had solid evidence, not just texts, which show that Ms. DaLuise was actively involved in planning a murder for hire' " and that "on national news McCauley admitted (while Mathers was part of that same interview) that they had no idea 'who did what to whom' " and "proceeded to laugh about the situation *while DeLuise had to continue to sit in jail for another nine months* . . . ." SAC ¶¶ 32-33. In other words, plaintiff's own allegations indicate that the statements were made more than six months prior to the presentation of her claim to the County. The motion to dismiss, therefore, is **GRANTED** with respect to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:15-cv-02701-CAS-JEMx | Date | November 24, 2015 |
|---|---|---|---|
| Title | DAWN DALUISE V. STEVE MCCAULEY, ET AL. | | |

plaintiff's defamation claim. The dismissal, however, is **with leave to amend** given that plaintiff seeks an opportunity to allege statements made within the limitations period.[4]

### (6) Negligent Hiring, Training, Supervision, and Discipline (against County, McDonnell, Mathers, Rohrbach, and DOES 1-10)

Defendants contend that plaintiff's claim for negligent hiring, training, supervision, and discipline should be dismissed as to the individual defendants because (1) this claim is properly brought against an employer, not against individual managers and supervisors, and (2) plaintiff fails to allege a special relationship between her and the defendants that would give rise to a legal responsibility on the part of the individual defendants. Mot. at 26.

Case law appears divided on the issue of whether a claim for negligent hiring, training, supervision, and discipline can be brought against individual defendants. Fetter v. Bonner, 2015 WL 164268, at *6 (E.D. Cal. Jan. 13, 2015) (considering claim for negligent supervision, training, hiring, and retention against county sheriff to the extent that it alleges the sheriff's direct liability, but ultimately dismissing it on the basis that

---

[4]Alternatively, defendants argue that plaintiff's defamation claim fails because § 821.6 immunizes law enforcement officers from such liability. Mot. at 25. Defendants are correct that "[a]cts undertaken in the course of an investigation, including press releases reporting the progress or results of the investigation" are considered preparation for formal proceeding and are therefore encompassed by § 821.6 immunity. 147 Cal. App. 4th at 1048; Cappuccio, Inc. v Harmon, 208 Cal. App. 3d 1496, 1500 (1989) (extending § 821.6 immunity to statements made after a conviction is obtained and prosecution has ended). However, allegedly defamatory statements made in the course of an investigation are protected only where they are "made in furtherance of the litigation and to promote the interest of justice." Scott v. McDonnell Douglas Corp., 37 Cal. App. 3d 277, 287-88 (1974). Plaintiff alleges that defendants McCauley and Mathers "proceeded to laugh about the situation" during their interviews. SAC ¶ 33. In amending her complaint, the Court instructs plaintiff to include statements which she believes were not made to promote the interest of justice, to the extent that they exist.

Case 2:15-cv-02701-CAS-JEM Document 42 Filed 11/23/15 Page 14 of 19 Page ID #:375

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:15-cv-02701-CAS-JEMx | Date | November 24, 2015 |
|---|---|---|---|
| Title | DAWN DALUISE V. STEVE MCCAULEY, ET AL. | | |

plaintiff made only conclusory allegations); Taylor v. Ron's Liquors Inc., 2010 WL 4010140, at *3 (N.D. Cal. Oct. 13, 2010) (dismissing claim for negligent hiring, retention, and supervision, in part, because plaintiff "has not directed the Court to any California court opinion imposing liability on anyone other than the employing entity."). Notably, however, defendants have not directed the Court to, and the Court has not located, any case law barring, as a matter of law, a plaintiff's claim against individual defendants for negligent hiring and training. The Court, therefore, declines to dismiss this claim on that basis.

The Court agrees with defendants, however, that plaintiff must allege a special relationship between her and the individual defendants in order to bring forth a claim for negligent hiring and training. See C.A. v. William S. Hart Union High Sch. Dist., 53 Cal. 4th 861, 877 (2012) ("Absent such a special relationship, there can be no individual liability to third parties for negligent hiring, retention or supervision of a fellow employee, and hence no vicarious liability."); Willis v. City of Sacramento, 2014 WL 1027070, at *6 (E.D. Cal. Mar. 14, 2014) (dismissing negligent hiring, supervision, and retention claim against sheriff due to plaintiff's failure to allege a special relationship with sheriff). Plaintiff fails to allege a special relationship between her and the individual defendants in her SAC. This defect, however, appears curable. See Martinez, 141 F.3d 1373, (9th Cir. 1998) (finding a special relationship between LAPD and the plaintiff, who LAPD officers investigated and caused to be arrested for murder).

Accordingly, the motion to dismiss is **GRANTED with leave to amend** as to plaintiff's claim for negligent hiring, training, supervision, and discipline.

### C. 42 U.S.C. § 1983 Claims

Plaintiff's seventh and eighth causes of action are brought under 42 U.S.C. § 1983, which "creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution." Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's seventh claim alleges a violation of the Fourth and Fourteenth Amendments and her eighth claim alleges a violation of the Eighth and Fourteenth Amendments. SAC at 32-38.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  "O"

| Case No. | 2:15-cv-02701-CAS-JEMx | Date | November 24, 2015 |
|---|---|---|---|
| Title | DAWN DALUISE V. STEVE MCCAULEY, ET AL. | | |

To hold a defendant liable under § 1983, a plaintiff must allege the "integral participation" of the defendant in the alleged constitutional violation. Jones, 297 F.3d at 935. Further, § 1983 does not impose vicarious liability upon supervisory officials. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). Thus, to assert a claim against a supervisor, a plaintiff must allege either the supervisor's "personal involvement in the constitutional deprivation" or "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." McKinney v. Nielsen, 69 F.3d 1002, 1008 (9th Cir. 1995).

> **(1) Fourth and Fourteenth Amendments**
> **(against McCauley, Mathers, Rohrbach, McDonnell, County, and DOES 1-10)**

Plaintiff alleges that defendants violated her Fourth and Fourteenth Amendment rights by arresting and imprisoning her without probable cause and by subjecting her to unlawful body cavity searches in custody. SAC at 32-34. Defendants argue that plaintiff fails to state facts showing how each defendant had independent involvement in causing the allegedly wrongful acts. Mot. at 29.

As to plaintiff's allegations of false arrest and imprisonment, the Court finds that plaintiff has sufficiently pled a claim against defendants McCauley, Mathers, and Rohrbach. Plaintiff alleges the following: (1) McCauley caused an arrest warrant to be issued against plaintiff after a single conversation with plaintiff's alleged stalker, taking his word that plaintiff had hired a hitman to murder a business competitor, SAC ¶ 30; (2) McCauley failed to check the alleged stalker's criminal background, Id.; (3) McCauley and Mathers stated on national television that the hitman that plaintiff allegedly hired was never a suspect, which implied that there was no legal basis to arrest plaintiff, Id., ¶ 32; (4) it was revealed during plaintiff's trial that defendants had collected minimal evidence against plaintiff, Id.; (5) Rohrbach and McCauley interviewed plaintiff about her alleged stalker, and during the interview, Rohrbach showed plaintiff a flyer containing the naked, photoshopped image of plaintiff's daughter and accused plaintiff of having created it herself, Id., ¶¶ 50-51; and (6) Rohrbach and McCauley were present during a search of plaintiff's apartment, in which no evidence was found, Id., ¶ 51. Such allegations are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:15-cv-02701-CAS-JEMx | Date | November 24, 2015 |
|---|---|---|---|
| Title | DAWN DALUISE V. STEVE MCCAULEY, ET AL. | | |

sufficient to demonstrate the "personal participation" of the defendants in the alleged constitutional violation.

As to plaintiff's allegations of unlawful body cavity searches in custody, the Court agrees with defendants that plaintiff fails to allege the personal participation of the named defendants in her treatment during confinement. Plaintiff has, however, sufficiently pled a claim against the DOE defendants, as discussed below.

Accordingly, the motion to dismiss is **DENIED** as to plaintiff's claim based on false arrest and imprisonment, and **GRANTED** as to her claim based on the body cavity searches to which she was subjected to during her confinement.

### (2) Eighth and Fourteenth Amendments (against McDonnell, County, and DOES 1-10)

Plaintiff contends that the County violated her Eighth and Fourteenth Amendment rights to be free of unnecessary and wanton infliction of pain by depriving her of access to medically necessary diagnostic testing while in custody. SAC at 35. Specifically, plaintiff alleges, "County policy is that inmates awaiting trial are not entitled to access to such diagnostic procedures despite the fact that the doctors advised of the need for such testing and the known serious potential causes of rectal bleeding including advanced cancer." Id.

Defendants argue that plaintiff's claim should be dismissed because the Eighth Amendment applies only after conviction and sentence. Mot. at 27. Defendants are correct on this point. See Ingraham v. Wright, 430 U.S. 651, 671 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."). That plaintiff cannot bring her claim under the Eighth Amendment, however, does not deprive her of a constitutional claim for a violation of her right to receive medical treatment in custody. "Because pretrial detainees" like plaintiff "are not convicted prisoners, the rights of those in police custody to receive medical treatment arise under the Due Process Clause of the Fourteenth Amendment." Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:15-cv-02701-CAS-JEMx | Date | November 24, 2015 |
|---|---|---|---|
| Title | DAWN DALUISE V. STEVE MCCAULEY, ET AL. | | |

1996), citing Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983). In Carnell, the Ninth Circuit stated:

> [E]ven though pretrial detainees' claims 'arise under the due process clause, the eighth amendment guarantees provide a *minimum standard of care* for determining [a prisoner's] rights as a pretrial detainee, including [the prisoner's] rights . . . to medical care.' In fact, the due process rights are at least as great as the Eighth Amendment protections available to a convicted prisoner.

Id. The motion to dismiss, therefore, is **GRANTED but with leave to amend** so that plaintiff can bring forth her claim under the proper constitutional basis.[5]

### D. Claims against DOE Defendants

Defendants argue that plaintiff's claim for negligence and for violations of her Fourth and Fourteenth Amendment rights should be dismissed because plaintiff fails to allege any personal involvement of the named defendants in her medical care or body cavity searches in confinement. Mot. at 24, 29.

The Ninth Circuit, however, allows the pleading of fictitious "Doe" defendants, which plaintiff has done. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (recognizing that "where the identity of alleged defendants will not be known prior to the filing of a complaint," a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."). Because plaintiff has otherwise sufficiently pled her negligence and Fourth and Fourteenth

---

[5]Defendants additionally argue that plaintiff's claims are barred by (1) the presumption that the prosecutor exercised his or her independent judgment to charge plaintiff, and (2) the doctrine of collateral estoppel because the issue of probable cause to arrest plaintiff was already adjudicated at the preliminary hearing in plaintiff's criminal case. Mot. at 30-32. The Court concludes that these matters are better decided on a motion for summary judgment than on a motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  "O"

| Case No. | 2:15-cv-02701-CAS-JEMx | Date | November 24, 2015 |
|---|---|---|---|
| Title | DAWN DALUISE V. STEVE MCCAULEY, ET AL. | | |

Amendment claims, plaintiff is entitled to proceed as against the Doe defendants. See e.g., Lopez v. Cnty. of Tulare, 2012 WL 33244, at *8 (E.D. Cal. Jan. 6, 2012) ("Discovery could uncover the identities of the Doe defendants because the Doe defendants are unidentified jail and medical personnel who cleared Mr. Lopez from his safety cell on November 24, 2010 and placed him in a cell without suicide precautions."); Huerta v. Mims, 2009 WL 3157521, at *2 (E.D. Cal. Sept. 28, 2009) ("Plaintiff alleges that unknown officers/Doe Defendants choked him when he was under restraints in the Fresno County Jail. Plaintiff alleges sufficient facts to state a cognizable excessive force claim against the Doe Defendants.").

Accordingly, as against the DOE defendants, the motion to dismiss is **DENIED** as to plaintiff's claim for negligence based on improper medical care in custody, and her claim for violations of her Fourth and Fourteenth Amendment rights based on the body cavity searches to which she was subjected to during her confinement.

### E. Claims against McDonnell

Plaintiff has brought suit against Sheriff McDonnell in his individual capacity for the following claims: (1) negligence, (2) infliction of emotional distress, (3) defamation, (4) negligent hiring, training, supervision, and discipline; (5) violations of the Fourth and Fourteenth Amendments; and (6) violations of the Eighth and Fourteenth Amendments.

Plaintiff, however, did not address in her briefing nor during oral argument how McDonnell could be held personally liable given that he assumed office in December 2014. Accordingly, the motion to dismiss is **GRANTED with leave to amend** as it pertains to claims against McDonnell.

## IV.  CONCLUSION

The Court GRANTS in part and DENIES in part defendants' motion to dismiss as follows:

1. False Arrest and Imprisonment: the motion to dismiss is **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:15-cv-02701-CAS-JEMx | Date | November 24, 2015 |
|---|---|---|---|
| Title | DAWN DALUISE V. STEVE MCCAULEY, ET AL. | | |

2. Assault and Battery: the motion to dismiss is **GRANTED** as to the claim based on allegedly wrongful arrest and **DENIED** as to the claim based on the body cavity searches.

3. Negligence: as against defendants McCauley, Mathers, and Rohrbach, the motion to dismiss is **DENIED** as to the claim based on negligent investigation and **GRANTED** as to the claim based on improper medical care in custody. As against the DOE defendants, the motion to dismiss is **DENIED** as to the claim based on improper medical care in custody. The motion to dismiss is **GRANTED with leave to amend** as against McDonnell.

4. Infliction of Emotional Distress: the motion to dismiss is **GRANTED with leave to amend**.

5. Defamation: the motion to dismiss is **GRANTED with leave to amend**.

6. Negligent Hiring, training, supervision, and discipline: the motion to dismiss is **GRANTED with leave to amend**.

7. Fourth and Fourteenth Amendment: as against defendants McCauley, Mathers, and Rohrbach, the motion to dismiss is **DENIED** as to the claim based on false arrest and **GRANTED** as to the claim based on body cavity searches. As against the DOE defendants, the motion to dismiss is **DENIED** as to the claim based on body cavity searches. The motion to dismiss is **GRANTED with leave to amend** as against McDonnell.

8. Eighth and Fourteenth Amendment: the motion to dismiss is **GRANTED with leave to amend**.
Plaintiff shall have until **Monday, December 14, 2015**, to file a third amended complaint if she wishes to address the deficiencies identified herein.

    IT IS SO ORDERED.

                                                                                                       :   06

Initials of Preparer                 IV